# Exhibit A

# ATTORNEY GENERAL
## DEPARTMENT OF JUSTICE

33 CAPITOL STREET
CONCORD, NEW HAMPSHIRE 03301-6397

MICHAEL A. DELANEY
ATTORNEY GENERAL



ANN M. RICE
DEPUTY ATTORNEY GENERAL

TO: County Attorneys
All Law Enforcement Agencies

FROM: Michael A. Delaney, Attorney General

RE: Audio Recording Law Enforcement Officers

DATE: March 22, 2012

    I am aware that in the recent past a number of police departments have arrested individuals for audio and or video recording police officers in public engaged in official duties. I want to alert all law enforcement agencies to a recent opinion of the First Circuit Court of Appeals, which makes such arrests illegal. On August 25, 2011, the Court issued an opinion in Glick v. Cunniffe, 655 F.3d 78 (1st Cir. 2011), holding that members of the public have a right, under the first amendment to federal constitution, to video and audio record law enforcement officers in a public place when the officers are acting in the course of their official duties, provided that the recording is done peacefully and does not interfere with the officers' performance of their duties.

    Mr. Glick was arrested for filming several police officers in the Boston Common as they arrested another individual. He was charged with multiple offenses, including a violation of the Massachusetts wiretap statute. The charges were ultimately dismissed as lacking probable cause. Glik sued the police department, claiming that the arrest violated his rights under the First and Fourth Amendments. The officers raised a defense of qualified immunity, arguing that at the time of arrest the law did not clearly establish clear that Glick had a right to record the officers. The First Circuit Court of Appeals disagreed, finding that it was well established that "a citizen's right to film government officials, in the discharge of their duties in a public space is a basic, vital, and well-established liberty safeguarded by the First Amendment." Id. at 86.

    The Court recognized that the right to record is not unlimited, and may be subject to reasonable time, place and manner restrictions. Although the Court did not specify the types of restrictions that would be permissible, it implicitly acknowledged that a person does not have a right to record in a manner that would impair or interfere with an officer's ability to perform his or her duties. The Court also observed that the Boston Common, where Mr. Glick was arrested, is a prime example of a public forum where the state's ability to limit the exercise of First

Amendment activity is most restricted. The Court pointed to other cases in which the right to record had been upheld, including a photographer taking photos of a car accident scene, a journalist video recording a crime scene, the filing of a public official outside his home.

While the Glick decision leaves much unanswered in terms of when and how the right to record may be limited, it makes clear that a person has a First Amendment right to both video and audio record police officers engaged in official duties in public places such as a park, in a public meeting, or on a public street or sidewalk, provided it does not interfere with the officer's performance of those duties. If a person engaging in such recording activity is arrested, the arresting officer could be subject to liability for his or her actions.

If you have questions about how the Glick decision may impact your department's policies and procedures, I would encourage you to consult with the attorney for your municipality or county.

#713247